JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
NAJEE RIVERA

**DEFENDANTS**
City of Philadelphia

(b) County of Residence of First Listed Plaintiff: **Phila.**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Phila**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Leo M. Flynn
316 Central Ave, Cheltenham PA 19012

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property |  | **Other:** / ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other / ☐ 465 Other Immigration Actions |  |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, 1988; 28 U.S.C. 1331, 1343, 1367

Brief description of cause:
Civil rights- police brutality

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 250,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: 1-16-14
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

[Print]  [Save As...]  [Reset]

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2116 E. Ontario St. Phila PA 19134__

Address of Defendant: __1515 Arch St. Phila PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑ __No__

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Leo M. Flynn__, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __1-16-14__   __Leo M. Flynn__   __87350__
                   Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1-16-14__   __Leo M. Flynn__   __87350__
                   Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

NAJEE RIVERA : CIVIL ACTION
v. :
City of Philadelphia et.al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

1-16-14            Leo M. Flynn            Plaintiff
Date               Attorney-at-law         Attorney for

215 305 6223       215 305 6223            leoflynnaia@comcast.net
Telephone          FAX Number              E-Mail Address

(Civ. 660) 10/02

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_NAJEE RIVERA_
*Plaintiff(s)*

v.   Civil Action No.

_CITY OF Philadelphia et., al._
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

City of Philadelphia
1515 Arch St.
Phila. PA 19102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:


| Print | Save As... | | Reset |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

NAJee RIVERA
*Plaintiff(s)*

v.   Civil Action No.

City of Philadelphia et. al.
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Sean McKnight aka Officer Sean McKnight
Badge No. 7574
1515 Arch St.
Phila. PA 19102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

NAJee RIVERA
*Plaintiff(s)*

v.   Civil Action No.

CITY OF Philadelphia et-al.
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Kevin Robinson AKA Officer Kevin Robinson
Badge No. 3547
1515 Arch St.
Phila. PA 19102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAJEE RIVERA                                    :
2116 E. Ontario Street                          :
Philadelphia, PA 19134                          :
        Plaintiff,             :
                               :
    v.                                         :
                               :
CITY OF PHILADELPHIA                            :
1515 Arch Street                                :
Philadelphia, PA 19102,                         :
        and                    :
KEVIN ROBINSON, aka                             :
OFFICER KEVIN ROBINSON                          :
Badge No.: 3547                                 :
1515 Arch Street                                :
Philadelphia, PA 19102                          :
        and                    :
SEAN McKNIGHT, aka                              :
OFFICER SEAN McKNIGHT                           :
Badge No.: 7574                                 :
1515 Arch Street                                :
Philadelphia, PA 19102                          :
        Defendants.            :

## COMPLAINT

1.    This is a civil action seeking damages against Defendants committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering the due course of justice, with the intent to deny Plaintiff's First, Fourth and Eight Amendment rights and equal protection under the law; and for refusing to prevent such deprivations and denials to the Plaintiff.

2.    The Court has jurisdiction of this action under 42 U.S.C. § 1983, 1988 and 28 U.S.C. § 1331, 1343 and 1367.

3.    Plaintiff is a resident of Philadelphia County, Pennsylvania and a citizen of the United

States of America and resides per the caption above.

4. Defendant, City of Philadelphia, is a municipality and is located per the caption above.

5. Defendant, Kevin Robinson, is a Philadelphia Police Officer, Badge Number 3547, and is employed by the City of Philadelphia Police Department, at the address per the caption above.

6. Defendant, Sean McKnight, is a Philadelphia Police Officer, Badge Number 7475, and is employed by the City of Philadelphia Police Department, at the address per the caption above.

7. Defendants are local agencies and municipal corporations, organized under the laws of the Commonwealth of Pennsylvania.

8. Plaintiff herein sues each and all Defendants in their individual and official capacities.

9. At all times material to this Complaint, Defendant, Kevin Robinson, was a police officer, agent, servant and employee of Defendant, City of Philadelphia Police Department.

10. At all times material to this Complaint, Defendant, Sean McKnight, was a police officer, agent, servant and employee of Defendant, City of Philadelphia Police Department.

11. At all times relevant, Defendants Robinson and McKnight acted within the scope of their employment.

12. At all times material to this Complaint, Defendants acted under color of law and under the color of the statutes, customs, ordinances, and usage of the State of Pennsylvania, City of Philadelphia, and Philadelphia Police Department.

13. At all times relevant, Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendant but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

14. On or about May 29, 2013, Plaintiff was operating a motor scooter on 7th Street in the City and County of Philadelphia, Commonwealth of Pennsylvania.

15. While traveling on 7th Street, Defendants Robinson and McKnight, without probable

cause, stopped the Plaintiff for allegedly violating a Stop Sign at the intersection of 7th and Cambria.

16. As Defendants approached the Plaintiff, both Officers produced service batons.

17. Upon seeing Defendants produce their batons, Plaintiff justifiably feared for his safety and fled.

18. Following this, the Defendants instigated a chase, which ultimately ended a short distance later when Defendants struck the Plaintiff with their Philadelphia Police Car.

19. Following this collision, Defendants Robinson and McKnight then exited their Philadelphia Police car and pulled the Plaintiff up from the ground where he was not resisting, threw him into a wall, slammed him to the ground and began to beat the Plaintiff with their service batons and deliver punches and kicks to the Plaintiff's body and person.

20. After viciously beating the Plaintiff for several minutes, the Defendants Robinson and McKnight dragged his motionless body and deposited him in a Philadelphia Police Van, which had arrived on scene.

21. Approximately forty-five (45) minutes after the initial attack, Defendants Robinson and McKnight, with the assistance of other and presently unknown members of the Philadelphia Police Department, took Plaintiff to Episcopal Hospital, where Plaintiff spent the night and was subjected to a battery of testing procedures in order to determine the nature and extent of the injuries he sustained in the attack.

22. Following his Hospital course, Plaintiff was arrested and charged with Aggravated Assault and other related charges. A true and correct copy of Plaintiff's Criminal Docket is attached hereto and marked as Exhibit "A."

23. The Commonwealth voluntarily withdrew Plaintiff's criminal charges on August 1, 2013, but only after video footage of the attack by Defendants was presented to the District Attorney's office.

24. Plaintiff's actions did not amount to reasonable cause and/or suspicion, and did nothing

to welcome or warrant the actions of Defendants, and surely did not warrant their aggressive approach with batons at the ready.

25. As a result of this attack, Plaintiff suffered personal injuries including, but not limited to, a broken nose and a fractured superolateral orbital wall; moderate right ptosis with right upper lid swelling and scarring of the skin of the lateral portion of the eyelids; macular edemalacerations to his face and head requiring thirty-six (36) staples to close; cervical spine sprain and strain; lumbar spine sprain and strain; road rash to the low back, left arm, and left leg; a brain bleed, and post concussive syndrome, as well as overall shock and injury to his body and person.

26. As a further result of the aforementioned assault, Plaintiff, Najee Rivera, has suffered mental anguish, humiliation, and inconvenience and loss of life's pleasures and he may continue to suffer the same for an indefinite time in the future, as well as the loss of a job he saw doing for the remainder of his life.

27. As a further result of the aforementioned accident, Plaintiff was required to appear in the criminal court as an accused criminal and was required to spend money to retain the service of an attorney to defend himself against the false charges, all due to the aforementioned actions of Defendants, who deliberately falsified police records and affidavits.

28. In the manner described herein, Defendants acted with reckless disregard of the Plaintiff's constitutional rights.

29. Defendants knew or should have known that their actions would or probably would inflict extreme emotional distress upon Plaintiff.

30. The actions of Defendants are extreme and outrageous.

31. In the manner described herein, Defendants acts are a pattern and practice to deprive Plaintiff, Najee Rivera, of his rights to be free, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress. All of these rights are secured to the Plaintiff under the laws of Pennsylvania.

32. As a direct and proximate result of the acts and omissions of the Defendants herein described, the Plaintiff was incarcerated, was required to appear in the Court as an accused criminal, was required to spend money to retain the services of an attorney to defend himself against the said false charges, was caused to suffer great fear, lost for a time the ability to enjoy life in the manner customary for him, was caused great mental and emotional pain, anguish and suffering, was chilled in his exercise of his rights to freedom of speech and to petition for the redress of grievances under the First and Fourteenth Amendments to the United States Constitution, and, in addition, has suffered the loss of all the constitutional rights described herein.

33. In the manner described herein, Defendants deprived the Plaintiff of his rights to freedom of speech, freedom to petition for redress of grievances, freedom from unreasonable arrest, search and seizure, freedom from warrantless arrest, freedom from arrest without probable cause, freedom from unreasonable or excessive bail bond, freedom from the use of unreasonable force by a police officer, freedom from malicious prosecution, and he was deprived of due process of the law. All of these rights are secured to the Plaintiff by provisions of the First, Fourth, Eight and fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 and 1988.

34. In the manner described herein, Defendants acts are a pattern and practice to deprive the Plaintiff of his rights to be free from assault and battery, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress. All of these rights are secured to Plaintiff under the laws of Pennsylvania, which are invoked under the supplementary jurisdiction of this court.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, jointly and severally in an amount in excess of $150,000.00 as follows:

a. compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

b. damages for pain and suffering;

c. Punitive damages in an amount the Court shall consider to be just, reasonable, and fair;

d. Attorney fees and the costs of this action; and

e. Such other relief as this Court shall consider to be fair and equitable.

## JURY DEMAND

Plaintiff demands a trial by a jury of twelve (12).

Respectfully Submitted,

_____
Leo M. Flynn, Esquire
Attorney for Plaintiff
316 Central Avenue
Cheltenham, PA 19012
(215) 305-6222

Dated: 1-16-14